**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION AT JACKSON**

| | | |
|---|---|---|
| **WILLIAM GRIFFIN and BILLIE GRIFFIN,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | **Case No. 1:21-cv-02818-STA-jay** |
| | ) ) | |
| **AMERICAN SELECT INSURANCE COMPANY d/b/a WESTFIELD,** | ) ) | |
| **Defendant.** | ) ) | |

_____

**PLAINTIFFS' RESPONSES TO AMERICAN SELECT INSURANCE COMPANY'S
FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS**

_____

Comes now Plaintiffs William Griffin and Billie Griffin, pursuant to Federal Rules of Civil Procedure 26 and 33 and through their undersigned counsel, hereby respond and object to Defendant's First Set of Interrogatories and Requests for Production of Documents and state as follows:

**INTERROGATORIES**

1.     State:

Your full name;

Name and address of employer, job position, and your date of birth.

**RESPONSE:**

**Billie SuAnne Griffin,**
**The STAR Center, 1119 Old Humboldt Road, Jackson, TN 38305. Speech language pathologist.**
**DOB 2-23-1979**

**William Eugene Griffin,**

**Self-employed, 128 Poplar Street, Gadsden, TN 38337-3546, public adjuster and building consultant.**
**DOB 6-12-68.**

2.      Please state who discovered water damage at your home on July 26, 2019; what drew that person's attention to the water; what was the source of the water; a description of the water, that is, whether clear, contaminated, etc.; the location of the source water; the location and area within the home of the water and damage; what caused the water to leak or discharge and cause damage; when did the water leak or discharge; and when did the damage happen.

**RESPONSE:**

**Both Mr. and Mrs. Griffin discovered the water damage at the home on July 26, 2019. They had gone somewhere, and upon returning home they noticed that the bathtub had water in it and there was several inches of water on the floor in the bathroom and hallway outside of the bathroom.**

**Upon information and belief, the water was leaking from where the PVC portion of the plumbing system connected to the remaining cast-iron portion of the home's plumbing system and had obviously overflow onto the floor.**

**The water was brownish and looked like contaminated wastewater.**

**Following the water damage on July 26, 2019, Plaintiffs had Jordan Latham (Mr. Griffin's nephew) go into the crawlspace under the Property to identity the cause and location of the loss. Latham put sealant around the connection between the PVC portion of the plumbing drainage system and the cast-iron pipe portion of the plumbing system as a temporary repair.**

3.      Please describe by date, time, location, form (oral, letter, email, telephone, text, etc.) persons present, and substance of all communications between you and any representative of AS relating to any of the events and transactions referenced in the Complaint in this case.

**RESPONSE:**

**Objection. This request is overly burdensome, as this information is more easily obtained from Defendant than from Plaintiff.**

**Without waiving the above objection, Mr. Griffin recalls a few short calls with the adjuster assigned to his claim from American Select. He recalls being told what American Select would pay for the loss, and he recalls being questioned about why he had hired an attorney. Mr. Griffin does not recall the date or time of any telephone calls with Defendant or its representatives.**

**To the best of their recollections, neither Plaintiff sent nor received text messages with Defendant.**

**See attached emails and letters with Defendant that were retained by Plaintiffs.**

4.      Please describe by date, time, location, form (oral, letter, email, telephone, text, etc.) persons present, and substance of all communications between any other person or entity and any representative of AS relating to any of the events and transactions referenced in the Complaint in this case.

**RESPONSE:**

**See Plaintiffs' Response to Interrogatory No. 3.**

5.      Please state when the water damage, for which you are claiming damages in this case, occurred.

**RESPONSE:**

**See Plaintiffs' Response to Interrogatory No. 2.**

6. Please state whether you have had any other instances of water leakage and/or damage in the residence besides the July 26, 2019 incident referenced in the Complaint. If so, please state when, were in the home, describe the extent of the water and damage, what caused the water leak, and if it or the resulting damage were repaired, by whom it was repaired and when.

**RESPONSE:**

**To the best of their knowledge and recollection, Plaintiffs have not had any other instances of water leaking or damage caused by water at their Property.**

7. Please state whether the cause of the water leak and/or damage resulting therefrom which are referenced in your Complaint have been repaired and if so, when, by whom, what was the scope of the repair and what was the cost of the repair.

**RESPONSE:**

**Repairs to Cause of Water Leak:**

- **Mr. Griffin's nephew Jordan Latham made a temporary repair by putting sealant around the connection between the PVC portion of the plumbing drainage system and the cast-iron pipe plumbing drainage system. This was done within a few days of the date of loss. This repair cost approximately $150.**
- **Jordan Latham repaired the water supply line near the loss location as well. This was done within a few days of the date of loss. This repair cost approximately $150.**

**Repairs to Water Damage:**

- **Plaintiffs repaired the bathroom floor, including damaged plywood and subfloor, and replaced damaged drywall in the bathroom. David Perez and Luis Maradega at L&L Construction completed the repairs, and this was done in April 2021, and cost approximately $4,515.87 (four payments - $2,395.87 + $1,520.00 + 300.00 + 300.00).**
- **Plaintiffs installed a vapor barrier along the crawl space ground surface under the house.**

8.     Please itemize all damages you are claiming against AS in this case.

**RESPONSE:**

**Objection. This request attempts to unfairly limit Plaintiffs' ability to develop and present a complete case, and imposes constraints not found in the Federal Rules of Civil Procedure. Litigation is ongoing, as is discovery in this matter. To the extent Plaintiffs' determine additional damages in connection with this claim, Plaintiffs will promptly supplement their response to this Interrogatory.**

**Without waiving the above objection,**

**Based on the facts in this case and the damage incurred as a result of a covered loss at the insureds' premises, the Plaintiffs' damages are $133,722.62 plus attorneys' fees and costs pursuant to T.C.A. § 56-7-105. This number is based on the following:**

**$132,046.17 Estimated Cost to Tear out and Replace +**
**$1,995.00 USA Damage Response Team Inspection Report +**
**$100.00 Travel Charge +**
**$1,495.00 Xactimate Estimate +**
**$1,995.00 Plumbers Report =**
**$137,631.17**
- **$450 Replacement PVC Pipe (Not Covered by the Policy)**
- **$2,458.55 Prior Westfield Payment**
- **$1,000 Westfield Deductible =**

**$133,722.62 Total + Attorney's fees and costs pursuant to T.C.A. § 56-7-105.**

9.     Please state the name, home and work address, and home and work telephone numbers

of any persons who you claim were witnesses to any of the events described in the Complaint.

**RESPONSE:**

**Billie SuAnne Griffin**
**Work Address: The STAR Center, 1119 Old Humboldt Road, Jackson, TN 38305.**
**Home Address: 128 Poplar Street, Gadsden, TN 38337-3546.**
**Ms. Griffin can be reached via telephone through her Counsel of Record, Alex S. Fisher, Morgan & Morgan, (629) 221-6502.**

**William Eugene Griffin**
**Work and Home Address: 128 Poplar Street, Gadsden, TN 38337-3546.**
**Mr. Griffin can be reached via telephone through her Counsel of Record, Alex S. Fisher,**
**Morgan & Morgan, (629) 221-6502.**

**Jordan Latham**
**Work Address: Allison Contracting Company, 221 W Sycamore St., Jackson, TN 38301,**
**Work Number: (731) 330-4459.**
**Home Address: 256 Harts Bridge Rd Jackson, TN 38301**
**Cell Phone: 731-616-9741**

10.     Please state when and from whom you acquired the residence at 128 Poplar Street,

Gadsden, Tennessee and what firm or person handled the closing of the sale.

**RESPONSE:**

**Plaintiffs purchased the Property in or about June 11, 2019 from Comer Lee Thomas,**
**seller.**
**Charles Patterson Law Firm, 1023 Old Humboldt Rd, Jackson, TN 38305 handled the**
**closing. His office point of contact at that time was Audrey Tyler,**
**audrey@charlespattersonlaw.com, (731) 668-7370.**

11.     Please state whether there was any home inspection of any kind performed by anyone

at 128 Poplar Street, Gadsden, Tennessee during the last five (5) years. If yes, please state when and

the name, address and telephone number of the inspector.

**RESPONSE:**

**Yes. Plaintiffs had an appraisal done in conjunction with their purchase of the Property**
**in 2019. The appraisal was done in or around May 2019.**

12.     As to paragraph 16 of your complaint, please state what information AS failed to inform you of relating to your rights under the policy.

**RESPONSE:**

**Objection. This request attempts to unfairly limit Plaintiffs' ability to develop and present a complete case, and imposes constraints not found in the Federal Rules of Civil Procedure. Litigation is ongoing, as is discovery in this matter. To the extent Plaintiffs determine additional information or knowledge responsive to this Interrogatory, Plaintiffs will promptly supplement their response.**

**Without waiving the above objection,**

**Westfield failed to inform Plaintiffs' of the Policy's provision of coverage for "tear out" in Westfield's partial denial letter of Plaintiffs' claim.**

13.     As to paragraph 16 of your complaint, please describe all facts which you contend demonstrate bad faith on the part of AS.

**RESPONSE:**

**Objection. This request attempts to unfairly limit Plaintiffs' ability to develop and present a complete case, and imposes constraints not found in the Federal Rules of Civil Procedure. Litigation is ongoing, as is discovery in this matter. To the extent Plaintiffs determine additional information or knowledge responsive to this Interrogatory, Plaintiffs will promptly supplement their response.**

**Without waiving the above objection,**

- **by misrepresenting the Policy coverage in its denial letter by failing to inform Mr. & Mrs. Griffin that their Policy provided coverage for "tear out",**

- **by not providing payment for the cost to tear out and replace the building in order to access the cast-iron pipe system in Mr. and Mrs. Griffin's house, although the Policy specifically provides coverage for this exact sort of loss, and,**

- **failing to conduct a reasonable investigation into the cause of the water damage to Mr. & Mrs. Griffin's home, instead forcing the homeowners to complete such an investigation on their own.**

14.     As to paragraph 16 of your complaint, please state what additional information or explanation you contend AS should have provided regarding its position relating to the amount paid on your claim.

**RESPONSE:**

**See Plaintiffs' Response to Interrogatories Nos. 8 and 13.**

15.     As to paragraph 16 of your complaint, please state all facts which you contend support your assertion that AS failed to pay the amount you believed owed on your claim for its own financial preservation and your understanding of the financial condition of AS and whether the amount of your claim would tend to undermine its financial stability.

**RESPONSE:**

**Objection. This request attempts to unfairly limit Plaintiffs' ability to develop and present a complete case, and imposes constraints not found in the Federal Rules of Civil Procedure. Litigation is ongoing, as is discovery in this matter. To the extent Plaintiffs determine additional information or knowledge responsive to this Interrogatory, Plaintiffs will promptly supplement their response.**

**Without waiving the above objection,**

**See Plaintiffs' Response to Interrogatories Nos. 8 and 13.**

16.     Please describe any other conduct which you contend tends to demonstrate bad faith on the part of AS in the handling of your claim.

**RESPONSE:**

**Objection. This request attempts to unfairly limit Plaintiffs' ability to develop and present a complete case, and imposes constraints not found in the Federal Rules of Civil Procedure. Litigation is ongoing, as is discovery in this matter. To the extent Plaintiffs determine additional information or knowledge responsive to this Interrogatory, Plaintiffs will promptly supplement their response.**

**Without waiving the above objection,**

**See Plaintiffs' Response to Interrogatories Nos. 8 and 13.**

17.     Please advise the nature and scope of and itemize all damages you claim resulted from the alleged bad faith of AS.

**RESPONSE:**

**Objection. This request attempts to unfairly limit Plaintiffs' ability to develop and present a complete case, and imposes constraints not found in the Federal Rules of Civil Procedure. Litigation is ongoing, as is discovery in this matter. To the extent Plaintiffs determine additional information or knowledge responsive to this Interrogatory, Plaintiffs will promptly supplement their response.**

**Without waiving the above objection,**

**See Plaintiffs' Response to Interrogatories Nos. 8 and 13.**

18.     Please state whether you are or have ever made a claim or filed a lawsuit regarding alleged problems with the pipes in the home at 128 Poplar Street, Gadsden, Tennessee and if so, please state when, the nature and scope of the claim, the resolution of the claim, and if represented, the lawyer and law firm representing you in that claim or suit. Also, please state whether the portion

of the residence which you claim caused the water leak in this case was part of the claimed defective area of the home in that claim or lawsuit.

**RESPONSE:**

**The claim at issue in this case is the only claim Plaintiffs' have filed regarding problems with the pipes at the Property. This lawsuit is the only lawsuit Plaintiffs' have filed regarding the problems with the pipes at the Property.**

19.    With respect to any expert who is expected to testify at trial on your behalf, please state:

a.    the expert's name;

b.    the subject matter on which the expert is expected to testify;

c.    the substance of the facts and opinions to which the expert is expected to testify;

d.    a summary of the grounds of each opinion held by the expert;

e.    please state the name, location, style and case number of each case in which the expert has testified in the last four years;

f.    please state the amount of compensation charged or being paid to the expert for his or her investigation, report and testimony; and

g.    please produce a copy of any report generated by the expert in this case.

**RESPONSE:**

**Objection. This request attempts to unfairly limit Plaintiffs' ability to develop and present a complete case, and imposes constraints not found in the Federal Rules of Civil Procedure.**

**Notwithstanding the above objection, Plaintiffs have not made a decision regarding expert witnesses at this time. Plaintiffs will supplement their response within the time constraints set forth in the Court's scheduling order.**

13.     Please state whether you contend that the work of DM failed to comply with any statute, regulation, building code, or standard. If yes, please state what statute, regulation, building, or standard you contend was violated.

**RESPONSE:**

**Plaintiffs are not aware of who "DM" is, or what in particular this question is asking.**

**To the extent that this question intends to refer to "AS", Objection. This request attempts to unfairly limit Plaintiffs' ability to develop and present a complete case, and imposes constraints not found in the Federal Rules of Civil Procedure. Litigation is ongoing, as is discovery in this matter. To the extent Plaintiffs determine additional information or knowledge responsive to this Interrogatory, Plaintiffs will promptly supplement their response.**

**Without waiving the above objection,**

**Plaintiffs' Complaint speaks for itself, and references the Tennessee Code Annotated statute that Plaintiffs' assert Westfield has violated.**

STATE OF _Tennessee_ ]
COUNTY OF _Gibson_ ]

      WILLIAM GRIFFIN, being duly sworn according to law, makes oath that the foregoing Responses are true, correct and complete to the best of his knowledge, information and belief.

                                   _____
                                   **WILLIAM GRIFFIN**

      Sworn to and subscribed before me, the undersigned Notary Public, this _12_ day of _May_, 2022.



                                   _____
                                   **NOTARY PUBLIC**

My Commission Expires: _07/16/2024_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF _Tennessee_ ]
COUNTY OF _Gibson_ ]

      BILLIE GRIFFIN, being duly sworn according to law, makes oath that the foregoing Responses are true, correct and complete to the best of her knowledge, information and belief.

                                     _____
                                   **BILLIE GRIFFIN**

Sworn to and subscribed before me, the undersigned Notary Public, this _12_ day of ___May___, 2022.

_____
**NOTARY PUBLIC**

My Commission Expires: _07/16/2024_

3.    Please produce copies of any photographs and videos which depict any claimed water leak and/or damages referenced in your Complaint.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Please produce copies of all documents, emails, audio tapes, video tapes, and any other form of tangible thing or media which contains or depicts any statements or representations made by any representative of AS relating to the events described in the Complaint.

**RESPONSE:**

**See Plaintiffs' response to Interrogatory No. 3.**

2.     Please produce copies of all documents, emails, audio tapes, video tapes, and any other form of tangible thing or media which contains or depicts any statements or representations made by you regarding AS and relating to the events described in the Complaint.

**RESPONSE:**

**Objection. Plaintiffs objects to the extent this question seeks communication protected by the attorney-client privilege. Notwithstanding the above objection,**

**See Plaintiffs' response to Interrogatory No. 3.**

3.     Please produce copies of any photographs and videos which depict any claimed water leak and/or damages referenced in your Complaint.

**RESPONSE:**

**See attached.**

4.     Please produce copies of any photographs and videos depicting any repairs made for which you are claiming damages.

**RESPONSES:**

**See Plaintiffs' Response to Request for Production No. 3.**

5.     Please produce copies of all documents which you relied to answer any interrogatories above.

**RESPONSE:**

**See attached responsive documents for Interrogatories Nos 3, 7, 8 and 11.**

6.     Please produce copies of all reports and other documents generated by any expert identified in your responses to the above interrogatories.

**RESPONSE:**

**Objection. This request attempts to unfairly limit Plaintiffs' ability to develop and present a complete case, and imposes constraints not found in the Federal Rules of Civil Procedure. Further, Plaintiffs objects to the extent this question seeks communication protected under Fed. R. Civ. P. 26(b)(3)(A and (B). Notwithstanding the above objection,**

**See Plaintiffs' Response to Interrogatory No. 8. Plaintiffs will supplement their response to this Request for Production in accordance with the court's scheduling order regarding expert disclosures in this matter.**

7.     Please produce a copy of any photos or videos which depict any area of your home involved in any claim or lawsuit for defective pipes or plumbing in your home.

**RESPONSE:**

**See Plaintiffs' Response to Request for Production No. 3.**

8.      Please produce copies of any documents supporting the amount of claimed damages you are seeking against AS in this case and documenting any repairs and remediation work you contend has been done or remains to be done and for which you claim AS owes you.

**RESPONSE:**

**Objection. This request attempts to unfairly limit Plaintiffs' ability to develop and present a complete case, and imposes constraints not found in the Federal Rules of Civil Procedure. Litigation is ongoing, as is discovery in this matter. To the extent Plaintiffs' determine additional damages in connection with this claim, Plaintiffs will promptly supplement their response to this Interrogatory.**

**Without waiving the above objection,**

**See Plaintiffs' Response to Interrogatory No. 8.**

9.      Please produce a copy of any documents or tangible things which you contend support your claim of bad faith on the part of AS.

**RESPONSE:**

**Objection. This request attempts to unfairly limit Plaintiffs' ability to develop and present a complete case, and imposes constraints not found in the Federal Rules of Civil Procedure. Litigation is ongoing, as is discovery in this matter. To the extent Plaintiffs' determine additional damages in connection with this claim, Plaintiffs will promptly supplement their response to this Interrogatory.**

**Without waiving the above objection,**

**See Plaintiffs' Response to Interrogatory No. 3.**

10.     Please produce a copy of all communications of any kind from you to any other

person or entity besides AS in which you discuss AS in any way.

**RESPONSE:**

**Objection. Plaintiffs object to the extent this question seeks communication protected by the attorney-client privilege. Further, Plaintiffs objects to the extent this question seeks communication protected under Fed. R. Civ. P. 26(b)(3)(A and (B). Notwithstanding the above objection,**

**Plaintiffs do possess responsive documents to this request. If responsive documents are discovered, this response will be promptly substituted.**

11.     Please produce a copy of all documents relating to the closing of your purchase of

the property.

**RESPONSE:**

**Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence, pursuant to Fed. R. Civ. P. 26(b)(1). Without waiving the above objection,**

**See attached.**

12.     Please produce a copy of all home inspections and inspections of any kind performed

on the residence at 128 Poplar Street, Gadsden, Tennessee at any time.

**RESPONSE:**

**Objection. Plaintiffs object to the extent this question seeks communication protected under Fed. R. Civ. P. 26(b)(3)(A and (B). Notwithstanding the above objection,**

**See Plaintiffs' Responses to Interrogatories Nos 8 and 11.**

Respectfully submitted,

    */s/ Alex S. Fisher*

Alex S. Fisher
**Morgan & Morgan – Nashville**
810 Broadway, Suite 105
Nashville, TN 37203
(629) 221-6502
afisher@forthepeople.com

*Attorney for the Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 13th day of May, 2022 a true and exact copy of the foregoing has been sent by email to:

**JAMES R. TOMKINS, #11161**
**SMITH & TOMKINS**
25 Century Boulevard, Suite 606
Nashville, Tennessee 37214
(615) 256-1280
jtomkins@smithtomkins.com

*Attorney for American Select Insurance Company*

    */s/ Alex S. Fisher*

Alex S. Fisher
**Morgan & Morgan – Nashville**