THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GRIFFIN AND BILLIE GRIFFIN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )    Case 1:21-cv-02818-STA-jay |
| AMERICAN SELECT INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S NOTICE OF USE OF CRIMINAL CONVICTIONS FOR THE PURPOSE OF IMPEACHMENT AT TRIAL**

Defendant has filed a notice of its intent to use the criminal convictions of Plaintiff William Griffin, specifically two felony forgery convictions in 2002 and felony manufacture of methamphetamine in 2010, for the purpose of impeachment at trial. (ECF No. 46.) Plaintiffs oppose the introduction of those convictions. The parties presented their positions at the pre-trial conference of this matter on June 16, 2023, although no motion in limine has been filed as of this date.[1] The Court finds as follows.

Generally speaking, courts are to exclude evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* A ruling in limine is "no more than a preliminary, or advisory,

---

[1] In the joint pre-trial order, Plaintiffs state that they anticipate filing a motion in limine under Rule 609 to prohibit any criminal conviction impeachment evidence. (ECF No. 59.)

1

opinion" that the court may change "at trial for whatever reason it deems appropriate," as "facts may . . . come to the district court's attention which it did not anticipate at the time of its initial ruling." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)).

    This case involves the alleged breach of an insurance contract arising from water damage to a home owned by Plaintiffs and covered by an insurance policy issued by Defendant. Plaintiffs made a claim for repairs under the policy, which was partially denied. This action ensued. It is expected that Plaintiff William Griffin will testify at trial.

    The evidence sought to be excluded consists of Griffin's prior convictions for two counts of felony forgery in 2002 and felony manufacture of methamphetamine in 2010. Griffin was not released from prison on the methamphetamine felony until November 1, 2013. Rule 609 of the Federal Rules of Evidence establishes the boundaries for attacks on a witness's character for truthfulness by evidence of a criminal conviction. Under subsection (a) of the rule, in a civil case, evidence of a criminal conviction that is punishable by imprisonment for more than one year in the convicting jurisdiction "must be admitted[.]" Fed. R. Evid. 609(a)(1)(A). However, such evidence is subject to Fed. R. Evid. 403, which permits the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice[,]" Fed. R. Evid. 403. "[F]or any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

    Rule 609(b) applies more stringent limitations to evidence of a prior criminal conviction "if more than [ten] years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b); *see United States v. Collins*, 799 F.3d 554, 571

(6th Cir. 2015). In that instance, "[e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect[] and . . . the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b). This analysis applies to convictions or releases from custody over ten years old whether or not the underlying offenses involved a dishonest act or false statement. *See United States v. Rodriguez*, 409 F. App'x 866, 869-70 & n.2 (6th Cir. 2011).

The Sixth Circuit has cautioned that "[c]onvictions that are more than ten years old should be admitted very rarely and only in exceptional circumstances." *Collins*, 799 F.3d at 571 (quoting *United States v. Sloman*, 909 F.2d 176, 181 (6th Cir. 1990)) (internal quotation marks omitted). The rule "creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded." *Rodriguez*, 409 F. App'x at 869 (quoting *United States v. Sims*, 588 F.2d 1145, 1150 (6th Cir. 1978)). As the Sixth Circuit articulated in *Sims*, "[w]hen stale convictions are offered for the purpose of impeaching a witness, they often shed little light on the present tendency of the witness towards truthfulness and veracity." *Sims*, 588 F.2d at 1148. To admit such evidence, the district court must "make an on-the-record finding based on the facts that the conviction's probative value substantially outweighs its prejudicial impact," taking into consideration factors including "[t]he impeachment value of the prior crime," "[t]he point in time of the conviction and the witness'[s] subsequent history," "[t]he similarity between the past crime and the charged crime," the importance of the testimony of the witness, and the "centrality of the credibility issue." *Collins*, 799 F.3d at 571.

The 2002 felony forgery convictions resulted from Williams Griffin's endorsement of two checks made payable to him and his girlfriend in both their names.[2] These convictions occurred more than ten years ago, thus Rule 609(b) applies as forgery is a crime of dishonesty. *See United States v. Smith*, 70 F. App'x 359, 361 (7th Cir. 2003); *Cretacci v. Hare*, 533 F. Supp. 3d 605, 609 (E.D. Tenn. 2021). Subsection (b) requires the Court to determine whether the convictions' probative value substantially outweighs their prejudicial effect, considering the factors set out in *Collins*. First, the forgeries have impeachment value, as they involved dishonesty or false statements. Second, the convictions are twenty years old. Griffin's only subsequent criminal history of which the Court is aware consists of the 2010 felony drug conviction. The drug conviction does not make the forgery convictions more probative. Third, there is no similarity the Court can discern between the forgeries and the issues raised in this case. Finally, and most important, from all accounts, Griffin is to be an important witness in the trial of this matter (perhaps

---

[2] Tennessee Code Annotated § 39-14-114 makes it an offense to "forge[] a writing with intent to defraud or harm another." Tenn. Code Ann. § 39-14-114(a). The statute defines "forge" as to

(A) Alter, make, complete, execute or authenticate any writing so that it purports to:

(i) Be the act of another who did not authorize that act;

(ii) Have been executed at a time or place or in a numbered sequence other than was in fact the case; or

(iii) Be a copy of an original when no such original existed;

(B) Make false entries in books or records;

(C) Issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of subdivision [](A); or

(D) Possess a writing that is forged within the meaning of subdivision [](A) with intent to utter it in a manner specified in subdivision [](C)[.]

Tenn. Code Ann. § 39-14-114(b)(1).

even the main witness), and the factfinder's assessment of his credibility is likely to be significantly determinative of the outcome. The Court finds that the convictions are admissible under subsection (b) as the probative value of Griffin's 2002 forgery convictions substantially outweighs their prejudicial effect, particularly in light of his importance as a witness and the centrality of a determination of his credibility at trial.

Accordingly, the Court will allow Defendant to introduce evidence of the 2002 forgery convictions for impeachment purposes. Plaintiffs may request a limiting instruction pursuant to Fed. R. Evid. 105.

As for the methamphetamine conviction, the Court must look to Rule 609(a)(1)(A), and then Rule 403, rather than Rule 609(a)(2) or 609(b) because ten years have not passed from his release date prior to his expected trial testimony and this conviction was not for a crime of dishonesty. Plaintiffs argue that Griffin's prior drug conviction is not admissible because, under Rule 403 balancing, its prejudicial effect substantially outweighs its probative value while Defendant argues that evidence of Griffin's prior conviction is more probative that prejudicial.

The Court finds that the drug conviction has little if any impeachment value with respect to Griffin's truthfulness. There is no evidence of similarity between the drug conviction and the issues raised in this case. *See*, *e.g.*, *Nye v. Mistick*, 2015 WL 11565313, at *3 (M.D. Pa. Feb. 26, 2015) ("In terms of [the plaintiff's] character for truthfulness, a past drug conviction is not nearly as relevant as would be a past conviction for a crime involving deceit or fraud.") If Defendant is allowed to characterize Griffin as a methamphetamine "dealer," there is a substantial likelihood that the jury may allow their biases about drug offenders to color their perception of the facts and relevant legal issues of this case, which have little if anything to do with Griffin's past conviction

5

for drugs. Moreover, the offense itself, as opposed to Griffin's release from prison, occurred thirteen years ago in 2010 and, thus, is remote in time.

In conducting the Rule 403 analysis which is required under Rule 609(a)(1)(A), the Court finds that there is a substantial danger that evidence of Griffin's past drug conviction would be unfairly prejudicial to Plaintiffs and would confuse the jury on the relevant issues in this case. Therefore, the Court determines that, under Rule 403, evidence of the conviction will be more prejudicial than probative. The Court also finds that a limiting instruction will not be sufficient to guard against any resulting prejudice. If Griffin testifies, Defendant will be prohibited from impeaching him with his drug conviction. *See Wilson v. Union Pac. R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) ("Evidence of a conviction for drug possession alone is not highly relevant to the issue of veracity. Moreover, such evidence can be highly prejudicial and arouse jury sentiment against a party-witness." (citations omitted)).

In summary, the Court will allow Defendant to impeach Plaintiff William Griffin with his two felony forgery convictions but not with his methamphetamine conviction.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
**S. THOMAS ANDERSON**
**United States District Court Judge**

Date: June 22, 2023.